Pomeroy and Leonard agt. Hindmarsh and White.

## SUPREME COURT.

### POMEROY AND LEONARD agt. HINDMARSH AND WHITE.

A mere refusal to pay a debt, whether the debtor be solvent or not, is not cause for issuing an injunction under § 219 of the Code.

Nor is it sufficient that the defendant threatens to make an assignment for the benefit of his creditors.

To obtain an injunction, facts should be shown. Suspicion, belief and information are not sufficient.

*Clinton Special Term, Feb.* 1850. G. M. BECKWITH moved to dissolve an injunction granted by a local officer, residing in the county of St. Lawrence, restraining the defendants " from making an assignment, transfer, or other disposition of goods, effects, choses in action, or other evidences of debt to them belonging, for any purpose, until the final perfection of judgment in this action or until the further order of this court; and in case of disobedience to this order the said defendants, H. & W., will be liable to the punishment therefor prescribed by law." The affidavit of the plaintiffs' attorney, upon which the injunction was granted, did not state whether a suit had been commenced; but stated the amount due to plaintiffs on two promissory notes and that he believed the defendants were " about to make an assignment of their property and effects to some person to this deponent unknown, for the purpose, among others, of impairing the rights of the said Pomeroy and Leonard, and thereby rendering the judgment ineffectual for the collection of the demand against the said Hindmarsh and White; and this deponent further says that he forms this belief in the premises upon the declarations of the said White made to him, this deponent, on the 17th day of January A. D. 1850, which declarations of the said White were that

they, the said H. & W., would make an assignment of their property and effects, and that they were not able to pay their debts, and further that the said H. & W. refused to give this deponent as agent and attorney of the said P. & L. any security for the payment of this said debt, and deponent further says that he verily believes the said H. & W. have sufficient goods and chattels, choses in action and evidences of debt, to pay each and every of their creditors if they were disposed so to do."

L. D. BROCK, *Contra.*

HAND, Justice.—By the last clause of section 219 of the Code, "where during the pendency of the action it shall appear by affidavit that the defendant threatens, or is about to remove or dispose of his property with intent to defraud his creditors, a temporary injunction may be granted to restrain such removal or disposition." This injunction must have been granted under this provision. The affidavit, however, states that the attorney believes that the assignment will render the judgment ineffectual. But to bring it within that part of the section, the act, I think, must be done during the litigation, and in violation of the plaintiffs' rights respecting the subject of the action (Hovey v. McCrea, 4 *How. Pr. R.* 31). No facts tending to show this, are stated, nor could well be in a suit on a note. The affidavit is wholly insufficient on this last clause. It does not show that any action was pending; nor does it show that the defendants threatened to remove or dispose of their property with intent to defraud their creditors; nor that they were about to do so. It discloses no fact except that one of the defendants stated to the plaintiffs' attorney that they were unable to pay their debts and would assign their property; and they would not secure the claim of the plaintiffs in preference to others. It further adds, that the defendants have enough to pay their debts if they were disposed to do so.

The commencement of a suit (if one had been commenced) gave the plaintiffs no lien upon the property of the defendants, much less were the defendants guilty of fraud within the meaning of this statute, because they would not pay the plaintiffs on demand before the suit, and in preference to every other creditor. Such a construction would make a debtor guilty of fraud, if he

did not pay a debt on demand, to the exclusion of all others  So far from this being a conclusion of law, a debtor in failing circumstances, is permitted to prefer one *bona fide* creditor over another.   Again, a statute which suspends all powers of a party over all his property, *pendente lite*, and operates as an attachment, should be strictly complied with.   Facts and circumstances should be shown so that the court can see that  a fraud has been threatened or is about to be perpetrated.   This must be made to " appear" to the court, and by the proper proof, and not by mere suspicion or belief. Injunctions are not issued upon mere information and belief.   Such was the old rule (and see Roome vs. Webb, 3 *How. Pr. R.* 328).

The motion must be granted with  costs.